UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

AMENDED STANDING ORDER

REGARDING HOOSICK FALLS PFOA CASES

---

**DANIEL J. STEWART**
**United States Magistrate Judge**

1. Several cases have been filed in this Court by Plaintiffs alleging damages associated with perfluorooctanoic acid (PFOA) in Hoosick Falls, New York, against Saint-Gobain Performance Plastics Corp. ("Saint-Gobain"), Honeywell International f/k/a Allied-Signal Inc., and/or Alliedsignal Laminate Systems, Inc. ("Honeywell"), 3M Company (3M), and E.I. DuPont De Nemours and Company ("DuPont"). Pursuant to the dictates of FED. R. CIV. P. 1, and in order to promote the efficiency of discovery in these related actions, FED. R. CIV. P. 26(b), the Court concludes that the following Coordination Order is appropriate:

**Scope of Coordination**

2. This Order shall govern the conduct of discovery in the following actions assigned to Judge Kahn and Magistrate Judge Stewart and any related actions filed thereafter (the "Affected Cases") unless this Court issues an Order specifically exempting such case:

*Andrick*, 17-CV-1058

*Baker*, 16-CV-917

*Baker*, 16-CV-1066

*Bamrick,* 19-CV-225

*Benoit*, 16-CV-930

*Bodenstab*, 16-CV-136

*Bradley,* 19-CV-240

*Bullinger*, 16-CV-954

*Campbell*, 16-CV-1057

*Church*, 16-CV-1058

*Clemons,* 19-CV-236

*Cross*, 16-CV-1060

*Donavan*, 16-CV-924

*Driscoll,* 19-CV-231

*Ford,* 19-cv-249

*Foster*, 19-CV-77

*Frommer*, 16-CV-1063

*Gardner*, 19-CV-246

*Gates*, 19-CV-221

*Gorman*, 19-cv-200;

*Harrington*, 18-CV-152

*Hickey*, 19-CV-094

*Holmstedt*, 16-CV-933

*Jensen*, 16-CV-932

*Lampron*, 19-CV-079

*Lucey*, 17-CV-1054

*Martinez*, 10-CV-098

*Morier*, 19-CV-103

*Muller,* 19-CV-106

*Ormsbee*, 16-CV-949

*Perrelli*, 19-CV-239

*Pokines*, 19-CV-232

*Putnam*, 16-CV-955

*R.M. Bacon, LLC*, 17-CV-441

*Rasmus*, 19-CV-238

*Reece,* 19-CV-219

*Rios*, 16-CV-959

*Rosenberg*, 19-CV-100

*Russell*, 19-CV-107

*Schneider*, 19-CV-083

*Slowey,* 19-CV-216

*Smith*, 16-CV-952

*Stone*, 19-CV-247

*Sweener*, 17-CV-532

*Van Der Kar*, 16-CV-1061

*Webber*, 19-CV-220

*White*, 16-CV-934

*White, J.*, 19-CV-104

*Wickenden*, 17-CV-1056

*Wyman*, 19-CV-215

3. This Order may be amended to add additional Affected Cases. This Order is not intended to effect consolidation of any or all of the Affected Cases for trial or any other purpose under Rule 42, and the parties maintain their right to seek or demand separate trials of any and all issues in the Affected Cases and to oppose any motion to certify a class.

**Procedure**

4. Counsel for Saint-Gobain and Honeywell will email a copy of this Standing Order to counsel in each Affected Case listed above and, for Affected Cases filed after the date of this Order, to Plaintiff's counsel at the time Defendants file an Answer.

5. Plaintiffs' counsel in any Affected Case shall be required to comply with this Order before serving any discovery demands on Saint-Gobain, Honeywell, 3M or DuPont.

6. Within 20 days of receipt of this Standing Order, Plaintiffs' counsel in all Affected Cases other than *Baker et al. v. Saint-Gobain, et al.*, Civ. No. 1:16-CV-917 (LEK/DJS) ("Other Plaintiffs' counsel") shall contact co-lead counsel in *Baker* (hereafter, "*Baker* Counsel") listed below to ensure that accurate contact information is maintained:

WEITZ & LUXENBERG, P.C.
Robin Greenwald, Esq.
James J. Bilsborrow, Esq.
William A. Walsh, Esq.
700 Broadway
New York, N.Y. 10003
(212) 558-5500
rgreenwald@weitzlux.com

- 4 -

jbilsborrow@weitzlux.com
wwalsh@weitzlux.com

FARACI LANGE, LLP
Stephen G. Schwarz, Esq.
Hadley L. Matarazzo, Esq.
28 East Main Street, Suite 1100
Rochester, New York 14614
(585) 325-5150
sschwarz@faraci.com
hmatarazzo@faraci.com

**Conduct of Document Discovery**

7. Disclosure of confidential information in the Affected Cases shall be conducted subject to the requirements of the protective order entered in *Baker v. Saint-Gobain Performance Plastics Corp.*, No. 16-cv-917, Dkt. No. 49, subject to any further modifications or amendments thereto (the "Protective Order"), which shall be entered in each of the Affected Cases and bind all parties thereto.

8. The parties shall coordinate discovery activities and avoid unnecessary duplication and inconsistency by, at a minimum, making discovery requests, responses, objections, and document productions issued in any one of the Affected Cases available to counsel in all the Affected Cases, subject to the requirements of the Protective Order. *Baker* Counsel will provide Other Plaintiffs' counsel with electronic copies of all discovery demands previously served upon Defendants in *Baker*, and Defendants' discovery responses.

9. Other Plaintiffs' counsel may elect to access the document review platform created and maintained by *Baker* Counsel. If Other Plaintiffs' counsel elect to access the document review platform created and maintained by *Baker* Counsel, they shall be required to contribute a portion of the costs associated with creation and maintenance of that platform, as

set forth below. Alternatively, Other Plaintiffs' counsel may elect to receive a copy of the document productions served and/or cross-produced by Saint-Gobain, Honeywell, 3M, and DuPont in *Baker*. If Other Plaintiffs' counsel elects this latter option, Defendants shall thereafter cross-produce to Other Plaintiffs' counsel any documents produced in *Baker*.

10. If Other Plaintiffs' counsel elects to utilize the document platform created and maintained by *Baker* Counsel, Other Plaintiffs' counsel shall be provided with access to the document platform, which is hosted by the company D4, and that contains all documents produced in the *Baker* matter by Defendants Saint-Gobain, Honeywell, 3M, and DuPont. For any counsel that elects to proceed in this manner following issuance of this Order, the following conditions shall apply:

    a.    Plaintiff(s) shall be required to reimburse *Baker* Counsel for five (5) percent of the amounts paid to D4 to establish the document platform and five (5) percent of any additional amounts invoiced by D4 for additional documents produced by Defendants and added to the document platform and monthly maintenance of the platform. Such amount(s) will be invoiced to Other Plaintiffs' counsel by *Baker* Counsel at the time access is initially provided and monthly thereafter;

    b.    Plaintiff(s) shall be required to pay D4 directly for any incremental additional charges/licensing fees required to provide such counsel with access to the document platform.

    c.    Plaintiff(s) shall be required to agree to a Protective Order

                    protecting the confidentiality of documents produced by Defendants claimed to be confidential.

        d.    If at any time more than ten (10) Other Plaintiffs' counsel elect to access the *Baker* document platform, then the contributions set forth in 7.a, above, will be reduced accordingly so that *Baker* Counsel shall contribute 50% of the costs and Other Plaintiffs' counsel shall collectively contribute 50% of the costs with that 50% to be divided pro-rata.

11.    Other Plaintiffs' counsel may serve additional discovery demands seeking documents or information not previously requested or produced, and if Defendants produce documents or information responsive to such demands, the documents or information shall be cross-produced in all Affected Cases.

**Conduct of Depositions**

12.    To facilitate the efficient conduct of depositions, any fact deposition taken in one of the Affected Cases shall be cross-noticed via electronic mail in all other Affected Cases by the party taking the deposition. Counsel for Defendant Saint-Gobain shall maintain and make available an updated email distribution list of all counsel in the Affected Cases for this purpose. Absent a showing of good cause or stipulation of the parties, there shall be no more than one deposition of any fact witness in the Affected Cases. No party shall waive its right to make an application for such an exception as a result of being subject to this Order.

13.    The procedure for conducting expert depositions shall be addressed by the

Court at a later time.

14. A deposition cross-noticed pursuant to this Order will not count against the number of depositions permitted by FED. R. CIV. P. 30 and 31 in the cross-noticed cases. However, the parties are entitled to seek a protective order as to any additional noticed deposition that, in light of other depositions and other discovery taken in the Affected Cases, would be wasteful, duplicative, burdensome, or otherwise unnecessary, even where that protective order would result in fewer than 10 depositions being taken per side in any Affected Case.

15. *Baker* Counsel will provide Other Plaintiffs' counsel with electronic copies of all deposition notices and deposition transcripts for completed depositions of representatives/ employees of Defendants in *Baker*.

16. The majority of questioning of a witness by an adverse party should ordinarily be conducted by Lead Deposition Counsel for purposes of the deposition. *Baker* Counsel shall be presumed to be the Lead Deposition Counsel for depositions taken by Plaintiffs. Lead Deposition Counsel shall confer with all other aligned counsel to ensure their interests are adequately addressed, with the goal of conducting as thorough and nonduplicative an examination as is practicable. For depositions taken by Defendants, Lead Deposition Counsel, for purposes of determining the sequence of questioning only, shall be counsel for the noticing party.

17. The questioning of witnesses will be conducted in the following sequence for depositions taken by Plaintiffs: (1) Lead Deposition Counsel; (2) questioning by other aligned Plaintiffs' counsel, if any; (3) opposing counsel not representing the deponent or his or her

current or former employer; (4) opposing counsel representing the deponent or his or her current or former employer, if any; (5) counsel for the deponent, if any, other than counsel above; and (6) any re-examination by the counsel listed above in (1) and (2) in that above order, provided that time remains within the agreed limits set out in this Order, followed by additional questioning, if any, by the counsel listed in (3)-(5).

18. The questioning of witnesses will be conducted in the following sequence for depositions taken by Defendants: (1) Lead Deposition Counsel; (2) questioning by other Defendants' counsel, if any; (3) questioning by *Baker* counsel (except if the witness is a party represented by another Plaintiffs' counsel, in which case the sequencing of (3) and (4) shall be reversed); (4) questioning by other aligned Plaintiffs' counsel; (5) counsel for the deponent, if any, other than counsel above; and (6) any re-examination by the counsel listed above in (1) and (2) in that above order, provided that time remains, followed by additional questioning, if any, by the counsel listed in (3)-(5). The Court hereby authorizes non-examining counsel to attend any deposition in any of the N.D.N.Y. PFOA cases telephonically, but such counsel will not be permitted to participate through questioning absent extenuating circumstances, such as weather delay or physical restriction on travel.

19. If Other Plaintiffs' counsel wishes to notice a deposition for a representative/employee of Defendants that has not been deposed by *Baker* Counsel, it must provide *Baker* Counsel with notice of the intent to notice such deposition at least five days prior to serving the notice. *Baker* Counsel shall have the right to serve as lead questioning counsel in any deposition noticed pursuant to this paragraph.

**Time Limits on Depositions**

20. For depositions taken by Plaintiffs, Lead Deposition Counsel shall be permitted seven (7) hours of deposition time, as permitted by FED. R. CIV. P. 32. Each aligned Plaintiffs' counsel shall also be entitled to question a deponent; however, the maximum amount of time any witness shall be questioned by Plaintiffs without a further Order of this Court will be nine (9) hours. The total time of questioning permitted by aligned Plaintiffs' counsel shall be two hours, to be used among them as they see fit. If, however, Lead Deposition Counsel does not use their allotted seven (7) hours, that time may be used by aligned Plaintiffs' counsel. Questioning by Defendants shall not count against the foregoing limits.

**Exemption from this Standing Order**

21. Counsel may seek relief from any provision of this Order by application to the Court upon a showing of good cause.

22. Any party in a newly filed action that wishes to be exempted from the provisions of this Standing Order must file a motion with this Court showing good cause for such exemption.

23. Any party may seek modification of or exception to this Order, including to reopen prior depositions and other prior discovery procedures, upon a showing of good cause, to which all other parties shall be entitled to respond and oppose with any objections.[1]

---

[1] DuPont and 3M separately state that by their agreement to participate in this Order, they reserve their right to seek leave of the Court, upon a showing of good cause, to reopen discovery procedures, including depositions, that took place before they were added as parties to each of these cases and before they were provided a full and fair opportunity to receive, organize, and meaningfully analyze the many thousands of pages of discovery materials produced by the parties to date in this litigation. Any and all parties would also reserve the right to oppose any such application.

**SO ORDERED.**

Dated: May 7, 2019
Albany, New York

_____
Daniel J. Stewart
U.S. Magistrate Judge