**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

IN RE HOOSICK FALLS PFOA CASES                1:19-MC-018
                                               (LEK/DJS)

**DANIEL J. STEWART**
**United States Magistrate Judge**

## REPORT-RECOMMENDATION and ORDER

### I. BACKGROUND

Defendants in this action filed a Motion for an Order to Show Cause regarding a number of Plaintiffs' deficient discovery responses, requesting that the Court dismiss those Plaintiffs' actions for failure to prosecute pursuant to Federal Rule of Civil Procedure 41, or for failure to obey an order to provide discovery pursuant to Federal Rule of Civil Procedure 37. Dkt. Nos. 31 & 32. In particular, Defendants contend that Plaintiffs Tiffany Bacon, Edward Bamrick, Kenneth Cross, R.D. Cross, Robert Holovach, Tracy Holovach, Christine Jensen, Kathleen Reece, Mary Schmigel, Michael Schmigel, Kary Schrom, Douglas Smith, Janet Van Der Kar ("the No Response Plaintiffs") and Travis Conquest, Cielo Cross, Crystal Gates, Brett Ferraro, Kevin Schrom, Ryan Slowey, Debra Holmstedt, and Douglas Holmstedt (the "Uncured Deficiency Plaintiffs"), and Dale Ford's (collectively, "Plaintiffs") claims be dismissed. Dkt. No. 31.

Defendants assert that these claims should be dismissed because Plaintiffs did not comply with the Discovery Order in place. *Id.* They describe that Plaintiffs were provided a number of extensions, and Plaintiffs continued to fail to comply with the Order. *Id.*

In their Motion, Defendants assert that the No Response Plaintiffs have failed to address any outstanding deficiencies. Dkt. No. 31-1 at p. 7. They also describe the deficiencies in responses from the Uncured Deficiency Plaintiffs, as follows. Travis Conquest failed to produce a medical records authorization for his primary care physician. *Id.* Cielo Cross failed to provide authorizations for documents from her employers or her employment history, and failed to verify her Plaintiff Fact Sheet ("PFS"). *Id.* Crystal Gates failed to produce employment authorizations and blood and water test results. *Id.* Brett Ferraro failed to produce authorizations for documents from his employer. *Id.* Kevin Schrom failed to produce medical records authorizations. *Id.* Ryan Slowey failed to produce the required medical records, pharmacy records, and blood test results. *Id.* at p. 8. Debra and Douglas Holmstedt refused to respond to several interrogatories regarding their property damage claims. *Id.* As such, Defendants argue that the Court should dismiss the claims of the No Response Plaintiffs and the Uncured Deficiency Plaintiffs for failure to prosecute. The Court ordered that Plaintiffs show cause as to why an order should not be issued dismissing their actions, and that any opposition be submitted by June 26, 2020. Dkt. No. 32.

Counsel for Plaintiffs Edward Bamrick, Kathleen Reece, Crystal Gates, and Ryan Slowey responded noting that they provided all medical records for these Plaintiffs on January 8, 2020. Dkt. No. 34 at ¶ 6. They note that a revised PFS and authorizations were provided to Defendants on May 8, 2020, which addressed all of the deficiencies alleged. *Id.* at ¶ 7. A revised PFS was provided regarding Ms. Gates, specifically addressing the available information regarding her blood testing results and the water

testing, and provided new copies of authorizations for employment and medical records. *Id.* at ¶¶ 8-10. Plaintiffs provided a revised PFS for Plaintiff Slowey on May 1, 2020 providing additional information, and providing medical records, and authorizations for employment and medical information. *Id.* at ¶¶ 9-15. Plaintiffs provided a revised PFS for Plaintiff Reece on May 26, 2020 addressing all alleged deficiencies. *Id.* at ¶ 16. Plaintiffs also provided an employment records authorization for Brett Ferraro. Dkt. No. 43.

Counsel for Plaintiffs Tiffany Bacon, Robert Holovach, Tracy Holovach, Brett Ferraro, Travis Conquest, Cielo Cross, Douglas Holmstedt, Debra Holmstedt, and Kevin Schrom also oppose the Motion. Dkt. No. 35. They note that Plaintiff Tiffany Bacon provided a PFS on February 18, 2020, and has provided a copy of her blood test and signed authorizations. *Id.* at p. 2. Counsel provided PFSs for Robert Holovach and Tracy Holovach on February 18, 2020, and they have also provided signed authorizations, blood test results, water reports, and a property deed. *Id.* They therefore assert that they are not "no response" plaintiffs and that their actions should not be dismissed.

Counsel for these Plaintiffs further asserts that medical records authorizations are not required for Plaintiffs Travis Conquest or Kevin Schrom because their claims are only for medical monitoring. *Id.* Plaintiffs provided a PFS for Cielo Cross, but were unable to contact Ms. Cross in order to obtain authorizations for employment records. *Id.* at p. 3. Plaintiffs provided supplemental interrogatory responses for Debra and Douglas Holmstedt. *Id.* They assert that these Plaintiffs' action should be not be dismissed

because Plaintiffs have complied with almost all discovery requests and have not shown any bad faith.

Counsel noted that they have been unable to contact Plaintiffs Kenneth Cross, R.D. Cross, Mary Schmigel, Michael Schmigel, Kary Schrom, Douglas Smith, and Janet Van Der Kar. *Id.* They advised that they would be voluntarily dismissing these Plaintiffs. *Id.*

Defendants submitted a Reply. They describe that on June 24, 2020, Plaintiffs Dale Ford, Christine Jensen, Kenneth Cross, R.D. Cross, Mary Schmigel, Michael Schmigel, Kary Schrom, Douglas Smith, and Janet Van Der Kar filed stipulations of voluntary dismissal. Dkt. No. 36, p. 2 n. 2.

Defendants respond that the discovery provided by Plaintiffs Tiffany Bacon, Robert Holovach, Tracy Holovach, Brett Ferraro, and Cielo Cross remained insufficient. Remaining issues were that Tiffany Bacon failed to provide HIPAA and Arons authorizations for medical providers identified in her PFS; Robert Holovach failed to provide HIPAA authorizations and a PFOA blood test report; and Tracy Holovach failed to provide HIPAA authorizations for medical providers listed in her PFS. *Id.* at p. 4. They assert that Brett Ferraro and Cielo Cross still had failed to produce employment authorizations and provide no explanation for failing to do so, and that Edward Bamrick and Kathleen Reece had still not provided complete authorizations. *Id.* at pp. 5-6. Defendants asserted that Travis Conquest and Kevin Schrom were required to produce medical authorizations even though they only sought medical monitoring damages. *Id.* at p. 7. In addition, they argued that Crystal Gates' belated provision of an authorization

warrants dismissal of her case, and that Ms. Gates and Ryan Slowey's attempts to obtain their blood test results were belated and insufficient. *Id.* at p. 8.

The Court held a telephone conference with counsel to discuss the matter on February 5, 2021. At that conference, the Court was informed that certain Plaintiffs had discontinued their claims, including Kenneth Cross, individually and as parent of R.D.C.; Christine Jensen; Mary and Michael Schmigel; Kary Schrom; Douglas Smith; Janet Van Der Kar; and Dale Ford. *See* Dkt. No. 45. Plaintiffs indicated that they would be filing a discontinuance as to Plaintiffs Cielo Cross and Kevin Schrom as well. *See id.* Defendants indicated that there were still issues regarding outstanding medical authorizations, employment authorizations, and blood test results. *See id.* The Court ordered that Plaintiffs provide the outstanding information within two weeks, and in the event that Plaintiffs were unable to obtain their blood test information from a third party, to provide Defendants with a follow up regarding this information every 21 days. *Id.* The Court ordered Defendants to submit a status letter to the Court concerning outstanding discovery on or before February 23, 2021, and for the parties to meet and confer regarding any needed extension of the discovery deadline. *Id.*

Defendants submitted an update regarding the outstanding discovery. They noted that the following items remained outstanding. In particular, the deficiencies set forth in the Order to Show Cause for Cielo Cross and Kevin Schrom remained outstanding, and Plaintiffs had not yet filed a discontinuance as to their claims. Dkt. No. 46 at p. 1. Defendants noted that Plaintiffs' counsel provided Edward Bamrick's incomplete HIPAA authorizations, and that Arons, workers' compensation, and employment records

authorizations had not been provided. *Id.* Plaintiffs' counsel provided completed HIPAA authorizations for Ms. Reece, but she had not provided completed and signed Arons or employment records authorizations. *Id.* Plaintiffs' counsel provided additional employment records authorizations for Brett Ferraro, but had not provided employment records authorizations for two employers. *Id.* at pp. 1-2. Defendants continued to seek dismissal of these Plaintiffs' actions.

Defendants noted that Plaintiffs Ryan Slowey, Crystal Gates, Robert Holovach, Tracy Holovach, Travis Conquest, and Tiffany Bacon had cured all identified discovery deficiencies. *Id.* at p. 2.

Plaintiffs responded that they have now provided Brett Ferraro's employment records authorizations for the two employers identified by Defendants, and were preparing stipulations of dismissal for Cielo Cross and Kevin Schrom. Dkt. No. 47. Plaintiffs further represented that they were in the process of providing Arons forms for Plaintiffs Bamrick and Reece, and that no workers' compensation forms exist for Bamrick or Reece. Dkt. No. 48. They further stated that they were obtaining authorizations from two former employers of Ms. Reece, and were consulting with Mr. Bamrick's family to determine what authorizations needed to be provided. *Id.*

Plaintiffs have since discontinued Cielo Cross and Kevin Schrom's actions. *See Cross et al. v. Saint-Gobain Performance Plastics Corp. et al.*, 1:16-cv-1060, Dkt. No. 84; *Bodenstab et al. v. Saint-Gobain Performance Plastics Corp. et al.*, 1:16-cv-1367, Dkt. No. 83. In addition, Plaintiffs Reece and Bamrick provided the outstanding discovery information.

At this point, therefore, all deficiencies at issue in the order to show cause have been resolved for the Plaintiffs whose actions have not been voluntarily discontinued.

## II. ANALYSIS

Federal Rule of Civil Procedure 37 authorizes an array of sanctions to be imposed when a party fails to comply with a court order or to permit discovery. FED. R. CIV. P. 37(b)(2); *see also* N.D.N.Y.L.R. 1.1(d) ("Failure of . . . a party to comply with any provision of these Rules, General Orders of this District, Orders of the Court, or the Federal Rules of Civil or Criminal Procedure shall be a ground for imposition of sanctions."). Included as a sanction in Rule 37(b)(2) is the remedy of dismissal against the disobedient party. FED. R. CIV. P. 37(b)(2)(A)(v). Similarly, pursuant to Rule 41(b) of the Federal Rules of Civil Procedure, a court may dismiss an action "[i]f the plaintiff fails to prosecute or to comply with [the Federal Rules of Civil Procedure] or a court order[.]" FED. R. CIV. P. 41(b); *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629-30 (1962); *see also* N.D.N.Y.L.R. 41.2.

"This power to dismiss an action may be exercised when necessary to achieve orderly and expeditious disposition of cases." *Freeman v. Lundrigan*, 1996 WL 481534, at *1 (N.D.N.Y. Aug. 22, 1996) (citing *Rodriguez v. Walsh*, 1994 WL 9688, at *1 (S.D.N.Y. Jan. 14, 1994)); *see also Dodson v. Runyon*, 957 F. Supp. 465, 469 (S.D.N.Y. 1997), *aff'd*, 152 F.3d 917 (2d Cir. 1998). Given the harsh nature of Rule 41(b) dismissals, such dismissals are "appropriate only in extreme circumstances." *Lucas v. Miles*, 84 F.3d 532, 535 (2d Cir. 1996) (quoted in *Spencer v. Doe*, 139 F.3d 107, 112 (2d Cir. 1998)).

In considering whether dismissal is the proper action herein, I must consider the following: (1) the duration of Plaintiffs' failure to comply with the Court's Orders; (2) whether Plaintiffs were on notice that failure to comply would result in dismissal; (3) whether the Defendants are likely to be prejudiced by further delay in the proceedings; (4) a balancing of the Court's interest in managing its Docket with the Plaintiffs' interest in receiving a fair chance to be heard; and (5) whether the Court has adequately considered a sanction less drastic than dismissal. *See Jackson v. City of New York*, 22 F.3d 71, 74 (2d Cir. 1994); *Peart v. City of New York*, 992 F.2d 458, 461 (2d Cir. 1993). "Generally, no factor is dispositive." *Nita v. Conn. Dep't of Envtl. Prot.*, 16 F.3d 148, 485 (2d Cir. 1994).

It is concerning to the Court that certain Plaintiffs failed to timely provide information that Defendants indicate is crucial to moving the case forward, even with multiple extensions. However, at this point, the outstanding discovery has been provided, and the Plaintiffs for whom discovery has not been provided have discontinued their actions. The Court finds that it would be too severe a sanction to dismiss the claims of Plaintiffs who have now provided the outstanding information. As such, the Court recommends that Defendants' Motion be denied. The parties are ordered to continue to work together towards an expeditious resolution of this case.

### III. CONCLUSION

**WHEREFORE**, it is hereby

**RECOMMENDED**, that Defendants' motions to dismiss be denied; and it is further

**ORDERED**, that that the Clerk of the Court serve a copy of this Report-Recommendation and Order upon the parties to this action.

Pursuant to 28 U.S.C. § 636(b)(1), the parties have fourteen (14) days within which to file written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court. **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN (14) DAYS WILL PRECLUDE APPELLATE REVIEW.** *Roldan v. Racette*, 984 F.2d 85, 89 (2d Cir. 1993) (citing *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15 (2d Cir. 1989)); *see also* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72 & 6(a).

Dated: March 17, 2021
       Albany, NY

_____
Daniel J. Stewart
U.S. Magistrate Judge