UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

IN RE HOOSICK FALLS PFOA CASES

1:19-MC-0018 (LEK/DJS)

**DECISION AND ORDER**

## I. INTRODUCTION

Several cases have been filed in this Court by individual plaintiffs alleging damages associated with perfluorooctanoic acid ("PFOA") in Hoosick Falls, New York, against Saint-Gobain Performance Plastics Corp., Honeywell International f/k/a Allied-Signal, Inc., 3M Company, and E.I. DuPont De Nemours and Company (collectively, "Defendants"). Dkt. No. 1 ("Standing Order"). The Honorable Daniel J. Stewart, United States Magistrate Judge, created this matter to promote the efficiency of discovery in Plaintiffs' related actions. Id. Defendants filed a motion for an order to show cause regarding a number of Plaintiffs' discovery responses, requesting that the Court dismiss those Plaintiffs' actions for failure to prosecute pursuant to Federal Rule of Civil Procedure 41 or failure to obey an order to provide discovery pursuant to Federal Rule of Civil Procedure 37. Dkt. No. 31 ("Motion"). On March 17, 2021, Judge Stewart recommended that Defendants' Motion be denied. Dkt. No. 49 ("Report-Recommendation"). For the reasons that follow, the Court adopts the Report-Recommendation in its entirety.

## II. BACKGROUND

The facts are detailed in the Report-Recommendation, familiarity with which is assumed. See R. & R. at 1–6.

## III. STANDARDS OF REVIEW

Within fourteen days after a party has been served with a copy of a magistrate judge's

report-recommendation, the party "may serve and file specific, written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b); L.R. 72.1(c). If objections are timely filed, a court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b). However, if no objections are made, or if an objection is general, conclusory, perfunctory, or a mere reiteration of an argument made to the magistrate judge, a district court need review that aspect of a report-recommendation only for clear error. Barnes v. Prack, No. 11-CV-857, 2013 WL 1121353, at *1 (N.D.N.Y. Mar. 18, 2013); Farid v. Bouey, 554 F. Supp. 2d 301, 306–07 (N.D.N.Y. 2008), abrogated on other grounds by Widomski v. State Univ. of N.Y. at Orange, 748 F.3d 471 (2d Cir. 2014). "A [district] judge . . . may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." § 636(b).

**IV.   DISCUSSION**

Defendants did not file objections to the Report-Recommendation. See Docket. Consequently, the Court reviews the Report-Recommendation for clear error and finds none. Therefore, the Court adopts the Report-Recommendation in its entirety.

**V.   CONCLUSION**

Accordingly, it is hereby:

**ORDERED**, that the Report-Recommendation (Dkt. No. 49) is **APPROVED and ADOPTED in its entirety**; and it is further

**ORDERED**, that Defendants' motion for an order to show cause (Dkt. No. 31) is **DENIED**; and it is further

**ORDERED**, that the Clerk serve a copy of this Decision and Order on the parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

DATED:   May 17, 2021
              Albany, New York

_____
Lawrence E. Kahn
U.S. District Judge