UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

*IN RE* HOOSICK FALLS PFOA CASES                    1:19-MC-0018
                                                    (LEK/DJS)

**DANIEL J. STEWART**
**United States Magistrate Judge**

## ORDER

At this stage of the proceedings, the parties are now poised to select four claimants each from the Group I Discovery Pool, for a total of eight claimants who will then undergo expert discovery. *See* Dkt Nos. 60 & 81. Once that process is completed, the District Court will select the bellwether cases that it believes should proceed to trial first. Counsel for Defendants have proposed a new Group I Expert Discovery Pool and Trial Designation Protocol which, among other things, would dictate the consequences of voluntary dismissal of a case after its selection into the expert discovery pool. Dkt. Nos. 83 & 83-1.

Under this proposal, claimants selected by Defendants for inclusion in the Expert Pool would have a fourteen-day period after being selected to determine whether to voluntarily dismiss his or her case with prejudice. Dkt. No. 83-1 at p. 3. In the event that a claimant elected to voluntarily dismiss his or her case during that time, Defendants would be entitled to select a replacement claimant for each claimant dismissed. *Id.* If a claimant selected by Defendants were to dismiss his or her case following that initial

- 1 -

"dismissal period" for any reason other than settlement, Defendants would be allowed to de-designate "an equal number of claimants in the Expert Pool who shall not be eligible to be among the next three cases tried" and add a corresponding number of replacement claimants to the Expert Pool. *Id.* at pp. 3-4.  In other words, if a claimant selected by Defendants were to dismiss his or her case after the dismissal period, Defendants could then de-designate one of Plaintiffs' selected claimants and replace that claimant with a claimant of its choice instead.  Part of this proposal would also allow each side to de-designate one claimant in the Expert Pool, whose case would then be ineligible to be among the first three cases tried. *Id.* at p. 4.  Plaintiffs' counsel has objected to this new proposal.  Dkt. No. 84.

In consideration of this request, the Court held an on-the-record telephone conference in which counsel for Plaintiffs and counsel for Defendants set forth their respective positions in some detail.  *See* Dkt. No. 89, Transcript ("Tr.").  In summary, Defendants assert that they are at a strategic disadvantage because Plaintiffs, unlike Defendants, can unilaterally choose to discontinue cases selected by Defendants for the Expert Pool, thereby, in essence, gaming the selection process.[1]  To combat that purported risk, Defendants have suggested the above-referenced proposal, an approach which has indeed been adopted by several other courts, *see* Dkt. Nos. 83-(2-5), because, as Attorney LaFata concisely argued, "it's a far more effective, efficient way to set up a protocol in

---

[1] Of course, Defendants theoretically can manipulate the bellwether pool through the settlement process.  *See In re E. I. Du Pont De Nemours & Co. C-8 Pers. Inj. Litig.*, 2019 WL 2088768, at *9 (S.D. Ohio May 13, 2019). Manipulation of the selection process, in any form, will be addressed by the Court.

advance than to after the fact adjudicate a bunch of disputes about the motivations for why Mr. Smith is walking away with prejudice." Tr. at p. 6.

Plaintiffs' counsel objects to this proposed change in the selection process and notes that a similar request has previously been rejected by this Court when it was proposed by Defendants during the earlier fact discovery process. Tr. at pp. 7-8. The discovery process has proceeded thus far without difficulty or gamesmanship. Plaintiffs' counsel Attorney Bilsborrow also noted in opposition that Defendants' proposal would strip the Court of some of its discretion to select the most representative cases and to decide which cases should be tried first. *Id.* Further, Plaintiffs point out that under this proposal, if a selected Plaintiff were to choose to discontinue its claim, an unrelated Plaintiff, quite possibly one represented by a different attorney, could be impacted by its claim being removed from the priority pool by Defendants, arguing that "it would be highly unfair to punish … firm A for what firm C does." Tr. at p. 14. Plaintiffs' counsel has emphasized the "highly speculative" nature of what Defendants seek to prevent and assert that the better approach would be to instead deal with such a situation at the time and under the circumstances presented, if such a situation were to arise. Tr. at p. 15.

The Court agrees with Plaintiffs' counsel. In some sense, defense counsel seeks to reargue a position that this Court has already adopted: namely, that if a Plaintiff were to discontinue an action for apparently strategic reasons, such a discontinuance would first require court approval under FED. R. CIV. P. 41(a)(2), and so the Court would have authority to either deny the voluntary dismissal or to impose such conditions or requirements as were necessary to mitigate any prejudice to the Defendants. *See* 1:16-

CV-917, Dkt. No. 118; *Howard v. Inova Health Care Servs.*, 302 F. App'x 166, 179 (4th Cir. 2008).

The Court does recognize that procedurally this case is in a different posture than it was when the issue was originally raised. Nevertheless, no new evidence has been presented regarding the conduct of the attorneys that would lead the Court to believe that it would be prudent to create a formal anticipatory process for de-designating selected cases, or to set forth a specific procedure to be followed were one of the Plaintiffs to attempt to voluntarily discontinue their case for illegitimate or strategic purposes. This Court remains convinced that such an unlikely situation can instead be addressed quickly and effectively at the point it was to arise. Accordingly, the Court exercises its discretion and declines to adopt the Expert Pool Protocol proposed by Defendants.

**WHEREFORE**, it is hereby

**ORDERED**, that Defendants' request for entry of a new Group I Expert Discovery Pool and Trial Designation Protocol, is hereby **DENIED** at this time; and it is further

**ORDERED**, that the Clerk of the Court serve a copy of this Decision and Order upon the parties to this action.

**SO ORDERED**.

Dated: August 18, 2022
       Albany, NY

_____
Daniel J. Stewart
U.S. Magistrate Judge